JENNIFER WALKER ELROD, Circuit Judge,
concurring:
I concur in the denial of rehearing en banc. I write separately to address the waiver issue that was not necessary to the panel decision but is dispositive of my decision to join the denial of the rehearing en banc. Before the panel, the parties conceded that Smith v. Xerox Corporation, 602 F.3d 320, 330 (5th Cir.2010), foreclosed the University of Texas Southwestern Medical Center’s (“Texas Medical”) objection to the district court’s motivating factor jury instruction. Therefore, the panel did not address whether that argument was waived. Texas Medical’s own proposed jury instruction included the motivating factor instruction language used by the district court. On the Friday before trial, the district court held an all-afternoon hearing to entertain objections to the jury instructions, after which it admonished the parties: “I’m telling you now, no new objections.” When Texas Medical raised its objection on Monday morning just before the jury came in, the district court commented that it was “unprofessional” and the argument was “probably ... waived.” Moreover, Texas Medical did not argue to the district court that Smith was incorrect after Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).
*212 I agree with the district court that Texas Medical waived the argument. As such, Texas Medical cannot prevail on its argument at this stage of the case. See Jimenez v. Wood Cwty., 660 F.3d 841, 846 (5th Cir.2011) (en banc) (holding that a party that failed to preserve jury instruction error by raising a proper objection could not show plain error even where the objection would have been futile in light of controlling precedent). Therefore, I concur in the denial of rehearing en banc.